Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and CHARLES DEL MONTE, TRUSTEES; Et.Al.<br><br>    Plaintiffs,<br><br>        v.<br><br>TOP GUN ARCHITECTURAL FINISHES, INC. dba TOP GUN FINISHES, a California Corporation; RUBEN GONZALEZ, Individually; and MARCUS DEAN CHARLES, Individually,<br><br>    Defendants. | Case No.:  C08-5774 CW<br><br>**STIPULATED JUDGMENT** *AND* **CONSENT TO MAGISTRATE** |

    IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between

Plaintiffs BAY AREA PAINTERS & TAPERS PENSION TRUST FUND, et al. ("Plaintiffs") and

Defendants  TOP GUN ARCHITECTURAL FINISHES, INC. dba TOP GUN FINISHES, a

California Corporation; RUBEN GONZALEZ, Individually; and MARCUS DEAN CHARLES,

Individually, (collectively "Defendants"), as follows:

    1.    Defendant entered into a valid Collective Bargaining Agreement with the

District Council 16 of the International Union of Painters and Allied Trades (hereinafter

"Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to

-1-
**STIPULATED JUDGMENT**
*AND* **CONSENT TO MAGISTRATE**
**Case No.: C08-5774 CW**

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\Final Revised Stipulated Judgment.doc

1  the present time.

2       2.       Defendant has become indebted to the Trust Funds as follows:

| April, 2008 | Contributions (balance due) | $1,343.32 |
|---|---|---|
| | Liquidated Damages | $562.30 |
| | Interest | $38.82 |
| May, 2008 | Contributions (balance due) | $6,569.79 |
| June, 2008 | Contributions (balance due) | $.10 |
| August, 2008 | Contributions (balance due) | $18,190.54 |
| | Liquidated Damages | $1,819.05 |
| | Interest | $470.96 |
| October, 2008 | Contributions (balance due) | $.3 |
| | Liquidated Damages | $8,357.19 |
| | Interest | $416.71 |
| November, 2008 | Contributions (balance due) | $.42 |
| | Liquidated Damages | $3,174.43 |
| | Interest | $152.20 |
| December, 2008 | Contributions (balance due) | $.09 |
| | | |
| Subtotal | | $47,585.40 |
| | | |
| Attorney's Fees | Through March 4, 2009 | $3,898.50 |
| Costs | Through January 30, 2009 | $1,419.10 |
| | | |
| TOTAL DUE | | $52,903.00 |

In addition to the amounts due above, the Northern California Painters Master Agreement between District Council 16 and the NCPFC ("Agreement") requires at Article 19, Section 15, that Defendants post a bond *"within ten (10) days of the mailing of notice by the Administrator of the Trust Funds...(in) amounts to be determined by said Administrator."*  Defendants are required to post a bond in the amount of $147,760, within 45 days of the execution of this Stipulated Judgment by Defendants. In the event Defendants are unable to obtain a bond, a cash deposit in lieu of bond must be posted with the Trust Funds' Administrator or other suitable / acceptable arrangements must be made with Plaintiffs. Failure to post a bond, or a cash deposit in lieu of bond constitutes a default under the terms of this Stipulation.

3.      Defendants shall pay the amount of  $52,903.00 as follows:

(a)      Beginning on March 25, 2009, and no later than the 25th day of each month thereafter for a period of 12 months, through and including February 25, 2010, Defendants shall pay to Plaintiffs the amount of <u>$4,578.00 per month</u>.  Payments may be made by joint check, to be endorsed prior to submission;

(b)      Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendants may request a "payout demand" at any time during the payment period;

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 7% per annum in accordance with Plaintiffs' Trust Agreements.

(d)      Payments shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be <u>received on or before the 25th day of each month</u>**, or to such other address as may be specified by Plaintiffs.

.      (e)      Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant as to the final amount due, including interest and additional attorneys' fees and costs.

4.      Michael LaVoy acknowledges that he is the President of TOP GUN ARCHITECTURAL FINISHES, INC. dba TOP GUN FINISHES, and Michael Martinez is the secretary  and that both specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings herein. Mr. LaVoy and Mr. Martinez (hereinafter collectively "guarantors") confirm that they are both personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledge that all successors in interest to TOP GUN ARCHITECTURAL FINISHES, INC. dba TOP GUN FINISHES shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

5.      For any work performed by employees of Defendant, beginning with hours worked by Defendant's employees, if any, during the month of January 2009, Defendant shall timely pay contributions due on March 15, 2009, and delinquent if not received by March 31, 2009.  For every month thereafter during the stipulated payment term herein, Defendant will remain current in contributions and all other obligations due to Plaintiffs under the terms of the Collective Bargaining Agreement by timely submitting monthly reports and contributions to the Trust Funds. A copy of the contribution report and payment check must be faxed timely to Michele R. Stafford at 415-882-9287.

In the event that additional amounts are found due, by pay stubs, certified payroll, audit or in any other manner, for hours worked during the time period covered by this Stipulation as referenced above, or due for hours worked for any time during the stipulated payment period, these amounts shall be added to, and become part of this Judgment. The parties acknowledge that there has been a change in ownership relative to Defendant, and that there were, and may still be errors in reporting or calculation.  Prior to the amounts becoming part of the Judgment, Plaintiffs will provide Defendant with notice of the additional amounts found due, as well as supporting documentation. Defendant will have the opportunity to contest the amounts to be added.

Conversely, in the event that Defendant discovers errors in reporting or calculation that would reduce the amount set forth in paragraph two (2) of this Stipulation, Plaintiff, after confirmation of the same will reduce the amount owing by Defendant accordingly

6.      In the event that Defendant/Guarantor fails to make any payment referenced herein in a timely manner as required, or fails to post the bond or a cash deposit in lieu of bond, or if payment is made and fails to clear the bank, or is unable to be negotiated for any reason, Defendant/Guarantor shall be considered to be in default of this Stipulation.

7.      In the event of a default, Plaintiffs will provide Defendant/Guarantor with written notice of the default, allowing seven (7) days from the date of the notice in which to cure the default.  The notice will be sent to Gregory McDonald, counsel for Defendants. All future payments shall be made by cashier's check if the default was caused by a failed check.  In the

-4-
**STIPULATED JUDGMENT**
*AND* **CONSENT TO MAGISTRATE**
**Case No.: C08-5774 CW**

1    event that a default is not timely cured, the following will occur:

2           (a)      The entire balance of $52,903.00 as specified in paragraph 3, plus interest

3    as specified above, but reduced by principal payments received from Defendant/Guarantor, in

4    addition to any unpaid contributions then due plus 10% liquidated damages and 7% per annum

5    interest thereon, shall be immediately due and payable, together with any additional reasonable

6    attorneys' fees and costs incurred in this matter.

7           (b)      A writ of execution may be obtained against Defendant/Guarantor in the

8    amount of the unpaid balance, plus any additional amounts under the terms herein, upon

9    declaration by a duly authorized representative of the Plaintiffs setting forth any payment

10   theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the

11   date of default.  <u>Defendant/Guarantor specifically consents to the authority of a Magistrate Judge</u>

12   <u>for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein</u>.

13   Plaintiffs agree to provide counsel for Defendants,Gregory McDonald, with a courtesy notice of

14   the application for Writ of Execution at the time that it is made.

15          (c)      Defendant/Guarantor expressly waives all rights to stay of execution and

16   appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

17   balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

18   of Execution, without notice to Defendant/Guarantor.

19          (d)      Defendant/Guarantor shall pay all additional reasonable costs and attorneys'

20   fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to

21   plaintiffs under this Stipulation regardless of whether or not Defendant/Guarantor defaults herein.

22          8.      In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the

23   parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

24   have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

25   and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or

26   otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

27          9.      Any failure on the part of the Plaintiffs to take any action against

28

-5-
**STIPULATED JUDGMENT**
*AND* **CONSENT TO MAGISTRATE**
**Case No.: C08-5774 CW**

1  Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

2  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of

3  any provisions herein.

4       10.     Should any provision of this Stipulation be declared or determined by any court of

5  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

6  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

7  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

8  Stipulation.

9       11.     This Stipulation is limited to the agreement between the parties with respect to the

10  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the

11  Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

12  Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue

13  withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan

14  Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the

15  law.

16      12.     All parties represent and warrant that they have had the opportunity to be or have

17  been represented by counsel of their own choosing in connection with entering this Stipulation

18  under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

19      13.     This Stipulation may be executed in any number of counterparts and by facsimile,

20  each of which shall be deemed an original and all of which shall constitute together one and the

21  same instrument.

22      14.     Plaintiffs reserve all rights available under the applicable Bargaining Agreement

23  and Declarations of Trust of the Trust Funds for collection of current and future contributions, and

24  for any additional past contributions not included herein as may be determined by Plaintiffs,

25  pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this

26  agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine res

27  judicata as to any such additional amounts determined as due.

28

-6-
**STIPULATED JUDGMENT**
*AND* **CONSENT TO MAGISTRATE**
**Case No.: C08-5774 CW**

1    Dated: March 19, 2009                    **TOP GUN ARCHITECTURAL FINISHES,**
2                                             **INC. dba TOP GUN FINISHES**

3                                       By:   Michael Lavoy /S/
4                                             MICHAEL LAVOY
                                              President
5

6    Dated: March 19, 2009                    **MICHAEL LAVOY**
7

8                                             Michael Lavoy /S/
                                              Individually
9

10   Dated: March 19, 2009                    **MIKE MARTINEZ**
11

12                                            Mike Martinez /S/
                                              Individually
13

     Dated: March 23, 2009                    **SALTZMAN   AND   JOHNSON   LAW**
14                                            **CORPORATION**

15

16                                            Michele R. Stafford /S/
                                              Michele R. Stafford
17                                            Attorneys for Plaintiffs

18

19   **APPROVED AS TO FORM**
     Dated: March 19, 2009                    **LAW   OFFICES   OF   GREGORY   D.**
20                                            **MCDONALD**

21

22                                            Gregory D. McDonald /S/
                                              Gregory D. McDonald
23                                            Attorneys for Defendants

24

25   **IT IS SO ORDERED**.
                3/25
26   Dated: _____, 2009
27                                            _____
                                              UNITED STATES DISTRICT COURT JUDGE

28                                                                              -7-
                                                       **STIPULATED JUDGMENT**
                                                  *AND* **CONSENT TO MAGISTRATE**
                                                       **Case No.: C08-5774 CW**

C:\Documents and Settings\Workstation\Local Settings\Temp\notes95EC0B\Final Revised Stipulated Judgment.doc